E-FILED
Wednesday, 12 January, 2011 03:59:21 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEITH E. DEVRIES and LISA ANN DEVRIES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 10-CV-3270 ) |
| WELLS FARGO FINANCIAL ILLINOIS, INC., WELLS FARGO & COMPANY, and WELLS FARGO FINANCIAL, INC., | ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants Wells Fargo Financial Illinois, Inc. (Illinois, Inc.), Wells Fargo & Company (Wells Fargo), and Wells Fargo Financial, Inc.'s (Financial, Inc.) Motion to Dismiss (d/e 7) (Motion). Plaintiffs Keith DeVries and Lisa Ann DeVries (collectively "the DeVries") filed this action in Macoupin County, Illinois, Circuit Court, alleging state law claims for fraud and punitive damages, and one claim for violation of the Fair Debt Collection Practices Act (Act), 15 U.S.C. § 1692 et seq. Notice of Removal (d/e 1), Exhibit A, Complaint. The Defendants removed this action based on federal question removal jurisdiction. Notice of Removal, ¶ 4. For the reasons set forth below, the Court recommends

that the Motions should be ALLOWED in part. The federal claim brought under the Act should be dismissed because it is barred by the statute of limitations, and the Court should decline to exercise subject matter jurisdiction over the state law claims and should remand those claims to state court.

## STATEMENT OF FACTS

The Complaint alleges that the DeVries borrowed $79,000.75 from Illinois, Inc., on March 23, 2007, evidenced by a promissory note (Note) and secured by a mortgage on their home (Mortgage).[1] At the time of the transaction, the home had an appraised value of $248,000.00. Defendant Illinois, Inc., is a subsidiary of Wells Fargo. Sometime in late summer or early fall 2007, the DeVries made one or two late payments on the Note. The DeVries failed to make the January 2008 payment. On February 20, 2008, Illinois, Inc., filed a foreclosure action against the DeVries to foreclose the Mortgage.

On March 18, 2008, the DeVries had four separate conversations with representatives of Financial, Inc. about the foreclosure complaint that

---

[1]A discrepancy exists in the pleadings regarding the principal amount of the loan. The Complaint alleges that the loan amount was $79,000.75. Complaint, ¶ 7. The Mortgage states that the loan amount was $78,000.75. Defendants' Request for Judicial Notice, Exhibit 1, Complaint to Foreclose Mortgage, attached Mortgage, at 1. The DeVries state in their Memorandum that the principal amount of the loan was $79,075.00. Memorandum in Opposition to Motion to Dismiss (d/e 13), at 1. This discrepancy is not material for the resolution of the Motion.

had been served on them.  Defendant Financial, Inc. is another subsidiary of Wells Fargo.  At this time, the DeVries intended to sell the home at or near its market value.  Representatives of Financial, Inc. told the DeVries that information about a Wells Fargo Home Preservation Program would be sent to them from the offices of Financial, Inc.  Thereafter, DeVries had ongoing communications with representatives of Financial, Inc.  The DeVries filled out forms about their financial condition, sent documentation, and spoke to Financial, Inc. representatives by telephone on several occasions.

In March 2008, April 2008, and September 2008, Financial, Inc. representatives assured the DeVries that "you are not going to lose your home," "court would be cancelled because you are working on it with us," and "we're working with you." Complaint, ¶ 17.  In September 2008, the Home Preservation Department of Financial, Inc. advised the DeVries that preliminarily they appeared to qualify for relief and that further information would be forthcoming after October 1, 2008.  No further information or letter of declination was ever received.

Illinois, Inc., however, proceeded with the foreclosure proceeding.  Illinois, Inc., ultimately purchased the DeVries' home at foreclosure and secured a deed.  On August 3, 2009, pursuant to court order, the DeVries were forced to vacate their home.  Complaint, ¶ 19.  Illinois, Inc., sold the

home on or about October 31, 2009, for $130,000.00, and remitted to the DeVries the sum of $12,000.00. The DeVries allege that they lost $125,000.00 in equity in their home and were forced to pay for additional housing for themselves as a result of Financial, Inc.'s false representations. Complaint, ¶ 21.

On August 27, 2010, the DeVries filed this action in Macoupin County Circuit Court. The Complaint alleged state law claims for fraud and punitive damages against all of the Defendants. Complaint, Counts I-VI. The Complaint also alleged a claim against Financial, Inc. for violation of the Act because Financial, Inc. representatives allegedly misrepresented the legal status of their debt to Illinois, Inc. Complaint, Count VII, ¶ 24. The Defendants then removed this case to this Court based on federal question removal jurisdiction. Notice of Removal, ¶ 4.

## LEGAL STANDARD

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the DeVries. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claims showing that the DeVries are entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that the DeVries are entitled to relief. Twombly, 550 U.S. at 569 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

ANALYSIS

Actions brought under the Act are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). In this case, the alleged misrepresentations regarding the legal status of the DeVries' debt occurred before October 1, 2008. The DeVries did not file this action until August 27, 2010, more than one year later. Thus, the claim brought under the Act in Count VII is barred by the statute of limitations.

The DeVries argue that the statute of limitations should be equitably tolled because the DeVries did not have a reasonable opportunity to discover the alleged misrepresentations. The doctrine of equitable tolling allows "a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." Shropshear v. Corporation Counsel of City of Chicago, 275 F.3d 593, 595 (7th Cir. 2001). The DeVries argue that they were unable to know that they had a claim in 2008 because they did not

know at that time that the Financial, Inc. representatives had misrepresented the legal status of their debt.

Even if equitable tolling applied in this case, the DeVries still waited too long to bring their claim under the Act.  Any possible tolling of the statute ended no later than August 3, 2009, when the DeVries were forced to vacate their home pursuant to a court order.  The DeVries clearly knew by that date that the Financial, Inc. representatives had misrepresented the legal status of their debt.  The DeVries waited more than a year from that date to file this action on August 27, 2010.  The claim under the Act is barred by the statute of limitations even if equitable tolling applied.  Count VII should be dismissed.

Because the federal claim should be dismissed, this Court should decline to exercise subject matter jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c).  This Court should further remand the rest of the claims to Macoupin County Circuit Court.  See Payne for Hicks v. Churchich, 161 F.3d 1030, 1043 (7th Cir. 1998) (When a case is removed based on federal question removal jurisdiction and the federal claim should be dismissed before trial, then "the usual and preferred course is to remand" the remainder of the case to state court.).

WHEREFORE, this Court recommends that Defendants Wells Fargo Financial Illinois, Inc., Wells Fargo & Company, and Wells Fargo Financial,

Inc.'s Motion to Dismiss (d/e 7) should be ALLOWED in part. Count VII of the Complaint should be dismissed with prejudice because the claim is barred by the statute of limitations. The Court recommends remand of the remaining claims to state court.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). <u>See Local Rule</u> 72.2.


ENTER: January 12, 2011


            <u>*s/ Byron G. Cudmore*</u>
            BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE