## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEITH E. DEVRIES, LISA ANN DEVRIES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10-03270 |
| | ) | |
| WELLS FARM FINANCIAL, INC, WELLS | ) | |
| FARGO & COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On November 24, 2010, Defendants Wells Fargo Financial, Inc and Wells Fargo & Company (collectively, "Wells Fargo"), filed a Motion to Dismiss [#7], seeking to dismiss Plaintiffs' Keith and Lisa Ann DeVries (collectively, "DeVries"), federal claim. A Report & Recommendation [#14] was filed by Magistrate Judge Byron G. Cudmore in the above captioned case on January 12, 2011, recommending that the Motion to Dismiss be granted and the case be remanded to state court. On January 26, 2011, Wells Fargo filed an objection to Judge Cudmore's recommendation that the case be remanded. Plaintiffs subsequently filed a Response [#16] to Defendants' Objection on February 3, 2011, arguing for the case to be remanded.

As to the recommendation regarding the Motion to Dismiss DeVries' federal claim, more than fourteen (14) days have elapsed since the filing of the Report & Recommendation, and no objections have been made regarding that recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ.

1

P. 72(b); <u>Lockert v. Faulkner</u>, 843 F.2d 1015 (7th Cir. 1988); and <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections to the dismissal of the federal claim have been waived. <u>Id.</u>

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which written objections have been made. See FED. R. CIV. P. 72(b). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## BACKGROUND

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Relevant to Defendants' current objection, Plaintiffs filed the action in Macoupin County Circuit Court, alleging state law claims for fraud and punitive damages as well as for violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 *et al.* Defendants removed the action to this Court based on federal question jurisdiction. Defendants filed the pending Motion to Dismiss [#7] seeking to dismiss the federal claim on the basis that it is barred by the statute of limitations. The Court concurs with the recommendation that Plaintiffs' federal claim under the Fair Debt Collection Practices Act is barred by the statute of limitations as the claim was not filed within the one year time period, and equitable tolling does not apply.

Defendants' objection pertains to the recommendation that the case be remanded upon the dismissal of the federal claim for lack of subject matter jurisdiction. The Magistrate Judge stated that this Court should no longer exercise subject matter jurisdiction over the DeVries' remaining state law claims once the sole federal claim was dismissed. The Report & Recommendation cites

2

*Payne for Hicks v. Churchich*, in which the Seventh Circuit found that, "when the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

The Seventh Circuit noted, as Defendants' contend, that the district court may choose to exercise supplemental jurisdiction over remaining state law claims if those claims could "easily be decided on the record" before the Court. *Id.* This decision is within the discretion of the Court. *Wright*, 29 F.3d at 1251. This Court does not agree with Defendants' assertions that the resolution of the pendant state law claims is so obvious and clear as to warrant dismissal at this stage. As such, retaining supplemental jurisdiction of the remaining state law claims would not be appropriate.

Accordingly, the Court now adopts the Report & Recommendation [#14] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss [#7] is GRANTED IN PART as to the claim under the Fair Debt Collection Practices Act and DENIED IN PART as to Plaintiff's remaining state law claims. As there is no longer any federal claim, this matter is remanded to state court for further proceedings.

ENTERED this __3rd__ day of February, 2011.


  /s Michael M. Mihm
Michael M. Mihm
United States District Judge

3